JOHN H. ROE, AND OTHERS, PLAINTIFFS IN ERROR, V. SYLVESTER S. ST. JOHN, DEFENDANT IN ERROR.

**Assessment of Property for Taxation:** AUTHORITY OF PRECINCT ASSESSOR. Under our statutes, a precinct assessor not only has the authority, but it is his sworn duty, to see to it that all property within his jurisdiction, liable to taxation, is entered on the assessment roll. Nor will the fact of a sworn list having been made by the owner justify the assessor in neglecting to assess property which he knows has been omitted.

ERROR to the district court for Kearney county. Tried below before GASLIN, J. The facts are sufficiently stated in the opinion.

*Sam. L. Savidge* and *E. C. Calkins*, for plaintiffs in error.

Where the return is made in accordance with the statute by the taxpayer, such return is conclusive as to the articles enumerated and the value of non-enumerated property. *Matheson v. Town of Mazomanie*, 20 Wis., 191. *Ketchum v. Town of Mukwa*, 24 Wis., 303. *White v. City of Appleton*, 22 Wis., 639. The building which the assessor assumed to place upon the roll as personal property was a part of the realty and could not be severed for the purpose of taxation, or if we concede that the plaintiffs had the right to remove the same during their term, still it remained a part of the realty as between every one, except the lessor and the lessee and their privies. *Flanders v. Cross*, 10 Cush., 514. Cooley on Taxation, note 1, p. 275. Land and other real estate should be valued as such, irrespective of the separate estate that individuals may have in the same. Cooley on Taxation, p. 288, and cases there cited. Sec. 13, p. 900, Gen. Stat. *Parker v. Baxter*, 2 Gray, 185.

*John Barnd*, for defendant in error, cited Gen. Stat., 939, Sec. 1. *Lanphere v. Lowe*, 3 Neb., 137. *Whiting v. Barstow*, 3 Pick., 311. *Doty v. Gorham*, 5 Pick., 489. *Chatterton v. Saul*, 16 Ill., 151. *Goff v. O'Conner*, 16 Ill., 421. *Dooley v. Crist*, 25 Ill., 551. *Kelley v. Austin*, 46 Ill., 156. *Curtis v. Riddle*, 7 Allen, 187, and cases there cited. *Hinckley v. Baxter*, 13 Allen, 139.

LAKE, J.

This was an action brought by the plaintiffs against the defendant, who was assessor of Kearney precinct,

Roe v. St. John.

Buffalo county, for the recovery of damages alleged to have been sustained by reason of a wrongful assessment of property in their name for taxation.

Although there are no less than twenty-seven errors assigned, there is really but a single question to be decided, and that is—whether an assessor has authority to assess taxable property which the owner has neglected or refused to include in his verified list.

That the property in question was assessable, and belonged to the plaintiffs, there is no doubt; nor is it questioned that the plaintiffs omitted to include it in their return to the assessor. It was a frame building erected by the plaintiffs upon leased ground for business purposes, and was owned and occupied by them at the time of listing property for that year. The manner of its construction, whether placed upon the surface of the earth, or on posts set into the ground, is unimportant. As between the owner of the lot and the plaintiffs it was personal property, and so it was as to all the world besides. It is clear that the building could have been sold or removed from the lot at the option of the plaintiffs, and could have been levied on as personalty to satisfy a judgment against them. *Lanphere et al. v. Lowe*, 3 Neb., 131.

This brings us to the only real question in the case. Had the assessor authority to include this property in his return, it having been omitted by the plaintiffs in their sworn statement? Whatever might have been considered the limit of the assessor's power in this respect prior to the act of February 27, 1873 (Gen. Stat., 939), there can be no doubt that, under this act, his authority to do so was ample. The first clause of section one provides: " If on the assessment roll there be an error in the name of the person assessed, or any taxable property shall not be entered thereon, the name may be changed, *and the property entered on the list by the as-*

*sessor after the roll shall be returned to the county clerk,"* thus permitting the assessor, even after his return has been made, to put upon the list any property that ought to have been entered, but which, by mistake or design, has been omitted. This provision evidently implies that under the law, as it stood at the passage of this act, the assessor was already empowered to make such corrections up to the very time of delivering his assessment roll to the county clerk, but not afterwards. And this authority seems to be fairly included in section 25 of the general revenue act, which provides that: "In every case where a person, required to list property for himself, or in behalf of another, shall neglect or refuse to list the same, the assessor shall proceed as directed in section nine of this chapter, * * * * and a neglect to make it shall be taken as a refusal."

Section nine here referred to provides that when any person, having property that should be listed, by reason of absence or sickness fails to make the statement required of him, or shall refuse to do so, "the assessor shall ascertain, according to the best information he can obtain, the number and value of the several species of property required," etc., to the end that every person having property liable to taxation shall be subjected to his due proportion of the burdens of government.

We consider it very clear that, under our statutes, the precinct assessor not only has the authority, but it is his sworn duty to see to it, that all property which he can discover within his jurisdiction, liable to taxation, is entered on the assessment roll. Nor will the fact of a sworn list having been made by the owner justify the assessor in neglecting to assess property which he knows has been omitted. There is no error in this record.

JUDGMENT AFFIRMED.